■ CAMPAIGN FOR FISCAL EQUITY, INC., et al., Respondents, v STATE OF NEW YORK et al., Appellants. BOARD OF EDUCATION, Nonparty Respondent. [697 NYS2d 272] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about January 13, 1999, which, to the extent appealed from, upon review of three decisions of Judicial Hearing Officer Albert Blinder, denied defendants certain discovery sought by them, thus (1) limiting them to eight depositions of school principals, (2) limiting their facilities, pedagogical and special education experts to ten, five and three school site visits, respectively, (3) finding plaintiffs' responses to certain interrogatories sufficient, and (4) quashing the subpoena *ad testificandum* issued to Schools Chancellor Rudolph F. Crew, unanimously affirmed, without costs.

■ CAMPAIGN FOR FISCAL EQUITY, INC., et al., Appellants, v STATE OF NEW YORK et al., Respondents. [697 NYS2d 40] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about February 8, 1999, which, to the extent appealed from, upon review of the December 28, 1998 order of Judicial Hearing Officer Albert Blinder, granted, in part, defendants' application for a protective order barring plaintiffs from seeking disclosure respecting contacts between Ruth Henahan and executive and legislative officials and staff, unanimously affirmed, without costs.

The motion court properly determined that Ms. Henahan was entitled to invoke the privilege under the Speech or Debate Clause with respect to her contacts with State legislators and their staff. Ms. Henahan's position with the State Education Department required her to work closely with legislators in the formulation of budgetary legislation, and thus, the privilege in question was properly invoked by her to safeguard the legislative function from judicial interference inimical to the Legislature's constitutional stature and performance as a separate, co-equal branch of government (see, Gravel v United States, 408 US 606, 618; see also, Matter of Straniere v Silver, 218 AD2d 80, 83, affd 89 NY2d 825). The court also correctly restricted inquiries regarding Henahan's communications with executive branch officials pursuant to the common-law legislative privilege inasmuch as the communications in question were undertaken by her to assist executive branch officials in their performance of a legislative function (see, Bogan v Scott-Harris, 523 US 44, 55). Finally, we perceive no factual basis for plaintiffs' contention that the privileges Ms. Henahan sought to invoke had been waived. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ. [See, 179 Misc 2d 907.]